UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dorothy Mae Harris,　　　　　　　　　　　　　　　　Case No. 3:17-cv-331

　　　　　　Plaintiff

　　v.　　　　　　　　　　　　　　　　　　　　　　MEMORANDUM OPINION

Commissioner of Social Security,

　　　　　　Defendant

Before me is the Report and Recommendation of Magistrate Judge Kathleen B. Burke regarding the challenge by Plaintiff Dorothy Mae Harris of the denial of her application for Disability Insurance Benefits. (Doc. No. 16). Harris objects to Judge Burke's affirmation of the Commissioner of Social Security's final decision. (Doc. No. 17). The Commissioner responded to Harris's objections. (Doc. No. 18).

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

A general objection that does not "address specific concerns with the magistrate's report" will not suffice. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific* written objections to the proposed findings and recommendations.") (emphasis added). Allowing such general objections would frustrate the purpose of Magistrates Act and "be an inefficient use of judicial resources." *Howard*, 932 F.3d at 509.

In this case, Harris merely refiled her reply brief, with the exception of one additional paragraph alleging "new evidence." (*Compare* Doc. No. 15 *with* Doc. No. 17). Because Harris made no attempt to "specifically [ ] address the findings of the magistrate," her "copy & paste" "objections" do not amount to a legitimate appeal of the R & R. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also, e.g., Andres v. Comm'r of Soc. Sec.*, 733 F. App'x 241, 244 (6th Cir. 2018) ("Because Andres failed to pinpoint the magistrate judge's alleged errors, he has forfeited his arguments on appeal."); *King v. Caruso*, 542 F. Supp. 2d 703, 706 (E.D. Mich. 2008) ("[I]f the 'objection' merely states a disagreement with the magistrate's suggested resolution or summarizes what was brought before the magistrate, it is not an objection for the purposes of this review."). Further, I do not agree that the subsequent finding of disability is persuasive evidence that the ALJ erred in finding Harris was not disabled given the evidence before him at the time of his decision.[1]

On independent review of the R & R, I conclude Judge Burke's recommendation and findings are supported by the relevant facts and applicable law. Therefore, Harris's objections, such as they are, are overruled, and Magistrate Judge Burke's R & R is adopted, in full.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

---

[1] In support of this argument, Harris cites solely to *Wilson v. Secretary of Health and Human Services*, 733 F.2d 1181 (6th Cir. 1984). But this case has nothing to do with the evidence in the form of a subsequent agency determination. Instead, it requires remand to the Secretary for consideration of additional material medical evidence.

2